

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 16, 1970

Dr. J. E. Peavy
Commissioner of Health
Texas State Department
  of Health
Austin, Texas   78756

Opinion No. M-580

Re:  Whether the State Health
     Department has authority
     to prorate licensing fees
     provided for under Article
     4477-6, Vernon's Civil
     Statutes, under stated facts.

Dear Dr. Peavy:

You have requested of this office an opinion concerning the scope of authority which the Texas State Department of Health has under the Renderer's Licensing Act, codified as Article 4477-6, Vernon's Civil Statutes, which became law effective September 1, 1969.

With particular reference to Section 13 of said Act, which limits the licensing period to one year with all renewals from January 1st of each ensuing year, you have asked whether your Department has authority to prorate the required licensing fee as of the date a license is issued.

Section 13 of Article 4477-6, Vernon's Civil Statutes, is quoted as follows, with emphasis added in regard to the above requirement and other pertinent parts.

"Each license and permit shall remain in full force and effect until relinquished, suspended, revoked, or expired. All operating licenses shall be issued and granted for one year only, and shall be renewed annually, if desired, by the licensee. The annual renewal fee shall be the same as the original application fee set forth in Section 12 above. Every licensee desiring to renew his operating license shall, on or before each January 1st,

-2764-

pay the Health Authority the required fee.
Upon receipt of said fee, the license shall be
automatically renewed for the ensuing calendar
year. If the annual renewal fee remains unpaid
15 days after written notice of delinquency has
been given to the licensee by the Health
Authority, the license shall, unless good
cause for such failure to renew is shown,
thereupon expire, and thereafter shall be
renewed only upon a new application pursuant
to the provisions of this Act." (Emphasis
supplied.)

You will note the wording of Section 12 of said
Act quoted, in part, as follows:

The following fees shall accompany each
application for operating license or a
construction permit: ...." (Emphasis supplied.)

There is no provision within said Act for any
proration of fees collected, and in our opinion the wording of
the Act makes it mandatory for the statutory fee to accompany
the application regardless of the date the application is made.

We therefore answer your question in the negative.

S U M M A R Y

The Texas State Department of Health does
not have the authority under Article 4477-6, Vernon's
Civil Statutes, the Renderer's Licensing Act, to
prorate the required fees set in said Act regardless
of the dates the licenses are issued.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

Dr. J. E. Peavy, Page 3 (M-580)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Michael E. Stork
James M. Mabry
Jerry Roberts
R. D. Green

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant